IN THE UNITED STATES FEDERAL COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RERNARD GREENLAW, TANAYA GREENLAW, a minor by her father RERNARD GREENLAW and TEVIN GREENLAW, a minor by her father RERNARD GREENLAW, | ) ) ) ) ) ) | No. 09 C 05499 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Judge Marovich |
| THE CITY OF CHICAGO, a Municipal Corporation, JODY WEIS, Superintendent of THE CHICAGO POLICE DEPARTMENT, PATRICK FAHEY, Star No. 9544, CRAIG BROWNFIELD, Star No. 15752 and SHANE JONES, Star No. 3695, | ) ) ) ) ) ) ) | Magistrate Judge Gilbert<br><br>Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANTS' FAHEY, BROWNFIELD AND JONES'S ANSWER,
DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendants, Patrick Fahey, Craig Brownfield, and Shane Jones ("Defendant Officers"), by their attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, for their answer, defenses, and jury demand to plaintiffs' complaint, state as follows:

**JURISDICTION**

    **1.**    Jurisdiction is conferred on this court pursuant to The United States Constitution, Amendments IV and XIV, and 42 U.S.C. § 1983.

    **ANSWER:**    The Defendant Officers admit the allegations of this paragraph

    **2.**    Section 1983 of 42 U.S.C, which states as follows:
    **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action**

at law, suit in equity, or other proper proceeding for redress.

ANSWER:   The Defendant Officers admit the 42 U.S.C. § 1983 does state, in part, what is alleged in this paragraph.

## PARTIES

3.   The Plaintiff RERNARD GREENLAW is an adult and is a resident of the City of Chicago, County of Cook and State of Illinois.

ANSWER:   The Defendant Officers, on information and belief, admit the allegations of this paragraph

4.   Defendant THE CITY OF CHICAGO is a Municipal Corporation that is organized, existing and doing business under the laws of the State of Illinois and at all times relevant hereto, provided police services in the City of Chicago through the Chicago Police Department.

ANSWER:   The Defendant Officers, on information and belief, admit the allegations of this paragraph

5.   At all times relevant hereto, including on and prior to June 22, 2008 the Defendant THE CITY OF CHICAGO employed a force of police officers who serve through the Chicago Police Department and who were assigned to work within the various geographical districts and areas within the City of Chicago.

ANSWER:   The Defendant Officers admit the allegations of this paragraph

6.   Defendant PATRICK FAHEY, Star No. 9544, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or employment with THE CITY OF CHICAGO.

ANSWER:   The Defendant Officers admit the allegations of this paragraph.

7.   Defendant CRAIG BROWNFIELD, Star No. 15752, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or

employment with THE CITY OF CHICAGO.

**ANSWER**: The Defendant Officers admit the allegations of this paragraph.

8. **Defendant SHANE JONES, Star No. 3695, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or employment with THE CITY OF CHICAGO.**

**ANSWER**: The Defendant Officers admit the allegations of this paragraph.

## THE OCCURRENCE

9. **On or about June 22, 2008 the Plaintiff was standing in front of his house that was located at 2337 E. 85th Street in the City of Chicago, County of Cook and State of Illinois.**

**ANSWER:** Defendant Officers lack knowledge or information to form a belief as to the truth of the allegations of this paragraph.

10. **The Plaintiff left the front of his house and went to the second story.**

**ANSWER:** Defendant Officers lack knowledge or information to form a belief as to the truth of the allegations of this paragraph.

11. **The Plaintiff returned to the front of his house when he heard gunfire**

**ANSWER:** Defendant Officers lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. **Upon returning, he saw his cousin, SHAPELL TERRELL, lying dead in the hallway.**

**ANSWER:** Defendant Officers lack knowledge or information to form a belief as to the truth of the allegations of this paragraph.

13. **Upon returning, Defendants FAHEY, BROWNFIELD and JONES drew and pointed their weapons on the Plaintiff as well as on his two children, TANAYA, 12 years of**

**age and TEVIN, 2 years of age.**

ANSWER:   Defendant Officers admit that at the time that Plaintiff entered the vestibule their weapons were pointed towards the vestibule.  Defendant Officers deny that Plaintiff was ever with his two children, Tanaya, and Tevin, at the time Plaintiff encountered Defendant Officers.

**14.     At that time, they ordered the Plaintiff to get on the ground.**

ANSWER: Defendant Officers deny that Plaintiff was ordered to the ground at that specific time when plaintiff just entered the vestibule.  Defendant Officers admit that after Officer Fahey escorted Plaintiff out of the building, Officer Jones ordered Plaintiff to the ground.

**15.     Thereafter, they dragged him outside, whereupon FAHEY, BROWNFIELD and JONES stomped and kicked the Plaintiff and pushed his face into the ground.**

ANSWER: Defendant Officers deny the allegations within this paragraph.

**16.     The Defendants FAHEY, BROWNFIELD and JONES then put the Plaintiff into a police car and took him to the Area 2 Chicago Police Station.**

ANSWER:  Defendant Officers deny the allegations within this paragraph.

**17.     Notwithstanding the foregoing, the Defendants FAHEY, BROWNFIELD and JONES told the Plaintiffs family that they did not have the Plaintiff in their custody.**

ANSWER:  Defendant Officers deny the allegations within this paragraph.

**18.     Upon reaching the Area 2 Station, the Defendants FAHEY, BROWNFIELD and JONES chained the Plaintiff to a wall in a second room.**

ANSWER:  Defendant Officers deny the allegations within this paragraph.

**19.     Thereafter, the Plaintiff was led into a third room that contained 20 people, who asked the Plaintiff what had happened at the scene.**

ANSWER: Defendant Officers lack knowledge or information to form a belief as to the

truth of the allegations of this paragraph.

      20.    After telling the gathering what had happened, the Plaintiff's things, but not his Illinois state identification card, were thrown on the table and he was taken home.

      **ANSWER:**   Defendant Officers lack knowledge or information to form a belief as to the truth of the allegations of this paragraph.

      21.    The Plaintiff's minor children suffered injury from the occurrence in that they were shocked and emotionally scarred from having a gun pointed at them, and as such, they have been having problems at their school.

      **ANSWER:**   Defendant Officers deny that they ever pointed a gun at Plaintiff's minor children, and lack sufficient knowledge or information as to the remaining allegations of this paragraph.

      22.    The subject events occurred at JODY WEIS's direction or with his knowledge or consent.

      **ANSWER:**   Defendant Officers deny the allegations within this paragraph.

      23.    As such, Defendants' FAHEY, BROWNFIELD and JONES'S acts amounted to either an official policy or, in the alternative, a widespread custom or practice that was so permanent and well-settled as to constitute a custom or usage with the force of law.

      **ANSWER:**   Defendant Officers deny the allegations within this paragraph.

      24.    The constitutional injury was caused by a person, in this case JODY WEIS, who had final policy-making authority.

      **ANSWER:**   Defendant Officers deny the allegations within this paragraph.

## CAUSES OF ACTION

      25.    The Plaintiff files this suit for actions that were taken under color of state law that proximately caused the deprivation of the Plaintiff's civil rights guaranteed by 42 USC Section 1983, to wit: the wrongful arrest, false imprisonment and false accusation of the Plaintiff.

      **ANSWER:**   Defendant Officers admit plaintiffs purport to bring this action pursuant to

42 U.S.C. Section 1983 to redress certain alleged deprivations under color of law of their rights secured by the United States Constitution. Defendant Officers deny the remaining allegations within this paragraph.

WHEREFORE, Defendant Officers demand judgment in its favor, together with its costs.

## JURY DEMAND

Defendant Officers Fahey, Jones and Brownfield respectfully request a trial by jury.

## AFFIRMATIVE DEFENSES

1.  Officers Fahey, Brownfield, and Jones are government officials (police officers) who perform discretionary functions. At all times material to the extent alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the fact and circumstances that confronted defendants, could have believed his/her actions to be lawful, in light of clearly established law and the information defendants possessed. Therefore they are entitled to qualified immunity as to the federal claims.

2.  An award of punitive damages would deprive Officers Fahey, Brownfield, and Jones of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where the award of punitive damages is unreasonable and disproportionate to the amount of harm to the plaintiff and to the actual damages recovered.

Respectfully submitted,

MARA S. GEORGES,
Corporation Counsel
City of Chicago

By: /s/ Mary Anne Spillane
Mary Anne Spillane
Special Litigation Counsel

30 North LaSalle Street
Room 1720
Chicago, Illinois 60602
(312) 744-8371
Attorney No. 06238150