## IN THE UNITED STATES FEDERAL COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RERNARD GREENLAW, TANAYA | ) | |
| GREENLAW, a minor by her father | ) | |
| RERNARD GREENLAW and TEVIN | ) | No. 09 C 05499 |
| GREENLAW, a minor by her father | ) | |
| RERNARD GREENLAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge George M. Marovich |
| | ) | |
| THE CITY OF CHICAGO, a Municipal | ) | Magistrate Judge Jeffrey Gilbert |
| Corporation, JODY WEIS, Superintendent | ) | |
| of THE CHICAGO POLICE DEPARTMENT, | ) | |
| PATRICK FAHEY, Star No. 9544, | ) | |
| CRAIG BROWNFIELD, Star No. 15752 | ) | Jury Trial Demanded |
| and SHANE JONES, Star No. 3695, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER,
## DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

Defendant, City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation

Counsel of the City of Chicago, for its answer, defenses, and jury demand to plaintiffs'

complaint, states as follows:

## JURISDICTION

1.      **Jurisdiction is conferred on this court pursuant to The United States
Constitution, Amendments IV and XIV, and 42 U.S.C. § 1983**.

**ANSWER:**   The City admits the allegations of this paragraph

2.      **Section 1983 of 42 U.S.C, which states as follows:
Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action**

at law, suit in equity, or other proper proceeding for redress.

**ANSWER:** The City admits the 42 U.S.C. § 1983 does state, in part, what is alleged in this paragraph.

## PARTIES

3.      The Plaintiff RERNARD GREENLAW is an adult and is a resident of the City of Chicago, County of Cook and State of Illinois.

**ANSWER:** The City, on information and belief, admits the allegations of this paragraph

4.      Defendant THE CITY OF CHICAGO is a Municipal Corporation that is organized, existing and doing business under the laws of the State of Illinois and at all times relevant hereto, provided police services in the City of Chicago through the Chicago Police Department.

**ANSWER:** The City admits the allegations of this paragraph

5.      At all times relevant hereto, including on and prior to June 22, 2008 the Defendant THE CITY OF CHICAGO employed a force of police officers who serve through the Chicago Police Department and who were assigned to work within the various geographical districts and areas within the City of Chicago.

**ANSWER:** The City admits the allegations of this paragraph

6.      Defendant PATRICK FAHEY, Star No. 9544, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or employment with THE CITY OF CHICAGO.

**ANSWER**:      The City admits the allegations of this paragraph.

7.      Defendant CRAIG BROWNFIELD, Star No. 15752, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or employment with THE CITY OF CHICAGO.

**ANSWER**:      The City admits the allegations of this paragraph.

8.    Defendant SHANE JONES, Star No. 3695, is and was at all times relevant hereto a citizen of the United States and a resident of Cook County, Illinois and was a sworn police officer employed by the Defendant THE CITY OF CHICAGO and at all times relevant here was acting within the scope of his agency, service and/or employment with THE CITY OF CHICAGO.

**ANSWER**:    The City admits the allegations of this paragraph.

## THE OCCURRENCE

9.    On or about June 22, 2008 the Plaintiff was standing in front of his house that was located at 2337 E. 85th Street in the City of Chicago, County of Cook and State of Illinois.

**ANSWER:**    The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

10.    The Plaintiff left the front of his house and went to the second story.

**ANSWER:**    The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

11.    The Plaintiff returned to the front of his house when he heard gunfire

**ANSWER:**    The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

12.    Upon returning, he saw his cousin, SHAPELL TERRELL, lying dead in the hallway.

**ANSWER:**    The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

13.    Upon returning, Defendants FAHEY, BROWNFIELD and JONES drew and pointed their weapons on the Plaintiff as well as on his two children, TANAYA, 12 years of age and TEVIN, 2 years of age.

**ANSWER:**    The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**14.    At that time, they ordered the Plaintiff to get on the ground.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**15.    Thereafter, they dragged him outside, whereupon FAHEY, BROWNFIELD and JONES stomped and kicked the Plaintiff and pushed his face into the ground.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**16.    The Defendants FAHEY, BROWNFIELD and JONES then put the Plaintiff into a police car and took him to the Area 2 Chicago Police Station.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**17.    Notwithstanding the foregoing, the Defendants FAHEY, BROWNFIELD and JONES told the Plaintiffs family that they did not have the Plaintiff in their custody.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**18.    Upon reaching the Area 2 Station, the Defendants FAHEY, BROWNFIELD and JONES chained the Plaintiff to a wall in a second room.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

**19.    Thereafter, the Plaintiff was led into a third room that contained 20 people, who asked the Plaintiff what had happened at the scene.**

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

-4-

20.     After telling the gathering what had happened, the Plaintiff's things, but not his Illinois state identification card, were thrown on the table and he was taken home.

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

21.     The Plaintiff's minor children suffered injury from the occurrence in that they were shocked and emotionally scarred from having a gun pointed at them, and as such, they have been having problems at their school.

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph.

22.     The subject events occurred at JODY WEIS's direction or with his knowledge or consent.

**ANSWER:**   The City lacks sufficient knowledge or information sufficient to

form a belief as to the truth of the allegations of this paragraph.

23.     As such, Defendants' FAHEY,  BROWNFIELD and JONES'S acts amounted to either an official policy or, in the alternative, a widespread custom or practice that was so permanent and well-settled as to constitute a custom or usage with the force of law.

**ANSWER:**   The City denies the allegations in this paragraph.

24.     The constitutional injury was caused by a person, in this case JODY WEIS, who had final policy-making authority.

**ANSWER:**   The City denies the allegations of this paragraph.

## CAUSES OF ACTION

25.     The Plaintiff files this suit for actions that were taken under color of state law that proximately caused the deprivation of the Plaintiff's civil rights guaranteed by 42 USC Section 1983, to wit: the wrongful arrest, false imprisonment and false accusation of the Plaintiff.

**ANSWER:**    The City admits the plaintiffs purport to bring this action pursuant to 42

U.S.C. Section 1983 to redress certain alleged deprivations under color of law of their rights

secured by the United States Constitution.  The City lacks sufficient knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

WHEREFORE, Defendant City of Chicago demands judgment in its favor, together with

its costs.

**AFFIRMATIVE DEFENSE**

A municipality may not be held liable under § 1983 under a theory of respondeat

superior.  Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397,

403 (1997).

**JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago


BY:     /s/ Mary Anne Spillane
        MARY ANNE SPILLANE

30 North LaSalle St., Suite 1720
Chicago, Illinois  60602
(312) 744-8371

-6-
